FILED



2023 May-18  PM 04:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | C O M P L A I N T  JURY TRIAL DEMAND |
| | ) ) ) | |
| TENET HEALTHCARE CORPORATION, AND BBH SBMC, LLC D/B/A SHELBY BAPTIST MEDICAL CENTER | ) ) ) | |
| Defendants. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990, as amended ("ADA") and Title I of the Civil Rights Act of 1991, against Defendants Tenet Healthcare Corporation and BBH SBMC, LLC d/b/a Shelby Baptist Medical Center. This action is brought to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Dalphine Hunter ("Hunter" or "Charging Party") who was adversely affected by such practices.  As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("EEOC" or the "Commission") alleges Defendant refused to provide Hunter, a qualified individual with a disability, with a

1

reasonable accommodation of her disability and instead discharged her based on her disability and as retaliation for engaging in protected activity on the basis of her disability.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Alabama.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Titles I and V of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, and at least since February 25, 2019, Defendant Tenet Healthcare Corporation ("Tenet") has continuously been organized as a Nevada corporation. At all relevant times, and at least since February 25, 2019, Defendant Tenet has continuously had at least 15 employees. At all relevant times, and at least since February 25, 2019, Defendant Tenet has continuously been doing business in Alabama.

5.      At all relevant times, and at least since February 25, 2019, Defendant BBH SBMC, LLC d/b/a Shelby Baptist Medical Center ("SBMC") has continuously been organized as a Delaware corporation. At all relevant times, and at least since February 25, 2019, Defendant SBMC has continuously had at least 15 employees. At all relevant times, and at least since February 25, 2019, Defendant SBMC has continuously been doing business in Alabama.

6.      At all relevant times, and at least since February 25, 2019, Defendants Tenet and SBMC have each continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) and 101 (7) of the ADA, 42 U.S.C. § 12111(5), (7).

7.      At all relevant times, and at least since February 25, 2019, Defendants Tenet and SBMC have each continuously been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

8.      At all relevant times, and at least since February 25, 2019, Defendants Tenet and SBMC have continuously been an integrated enterprise ("Shelby Baptist Medical Center").

9.      At all relevant times, and at least since February 25, 2019, Defendant SBMC has continuously been an alter ego of Defendant Tenet.

10.     At all relevant times, and at least from February 25, 2019 through June 6, 2019, Defendants Tenet and SBMC were continuously joint employers of Hunter.

## ADMINISTRATIVE PROCEDURES

11.     More than thirty days prior to the institution of this lawsuit, on November 18, 2019, Hunter filed a charge with the Commission alleging violations of Titles I and V of the ADA by Shelby Baptist Medical Center.

12.     On January 25, 2023, the Commission issued to Tenet Healthcare Corporation and BBH SBMC, LLC, d/b/a Shelby Baptist Medical Center a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Tenet Healthcare Corporation and BBH SBMC, LLC, d/b/a Shelby Baptist Medical Center to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

13.     On March 17, 2023, the Commission issued to Tenet Healthcare Corporation and BBH SBMC, LLC, d/b/a Shelby Baptist Medical Center a Notice

4

of Failure of Conciliation advising Defendant that the Commission was unable to secure from Tenet Healthcare Corporation and BBH SBMC, LLC, d/b/a Shelby Baptist Medical Center a conciliation agreement acceptable to the Commission.

14.     At all relevant times during the Commission's processing of Hunter's charge, and at least since November 25, 2019, Defendants Tenet and SBMC had notice of Hunter's charge and all subsequent developments in the administrative process, because Defendants operated Shelby Baptist Medical Center as an integrated enterprise.

15.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

16.     Since at least February 25, 2019, Defendants engaged in unlawful employment practices in Alabaster, Alabama through their integrated operation of Shelby Baptist Medical Center. Shelby Baptist Medical Center subjected Hunter to discrimination, failed to accommodate her, and instead terminated her on the basis of her disability, in violation of Sections 102(a), (b)(5)(A), and (b)(5)(B) of the ADA, 42 U.S.C. §§ 12112(a), (b)(5)(A) and (b)(5)(B).  Shelby Baptist Medical Center retaliated against Hunter by terminating her when she engaged in the protected activity of seeking a reasonable accommodation for her disability, in violation of Section 503(a) of the ADA, 42 U.S.C. § 12203(a).

a.      Hunter was employed by Shelby Baptist Medical Center at its Alabaster, Alabama location from April 30, 2018, until her termination on June 6, 2019. Hunter worked as a Behavior Health Technician in Shelby Baptist Medical Center's Senior Care Unit until her discharge.

b.      At all relevant times, and at least from January 14, 2019 through June 6, 2019, Hunter was a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8) who, with an accommodation of a job transfer, could perform the essential functions of the vacant positions for which she applied at Shelby Baptist Medical Center and other Tenet facilities.

c.      At all times relevant to the events alleged in this complaint, Hunter had degenerative disc disease and a herniated disc in her back that substantially limited one or more major life activities, including musculoskeletal function, walking, lifting, and bending.

d.      Shelby Baptist Medical Center knew of Hunter's back impairment and its limitations as Hunter was diagnosed after suffering severe pain while on the job.  As part of her daily responsibilities as a Behavioral Health Technician, Hunter was required to regularly lift and rotate patients. On January 14, 2019, Hunter began experiencing debilitating pain in her back while attempting to lift a patient. She requested the assistance of a tech or an

6

orderly as a result of this pain and was ultimately sent home for the day. On January 17, 2019, Hunter's medical provider placed her on light duty with restrictions on lifting, pulling, sitting, and standing for at least two weeks. Hunter returned to work on January 22, 2019 and was given Constant Observer duties as an accommodation.

e.     On February 1, 2019, Hunter's medical provider ordered an additional two weeks of light duty. On February 14, 2019, Hunter's medical provider ordered an additional two weeks of light duty

f.     On or about February 25, 2019, Shelby Baptist Medical Center's Human Resources Employee Health Nurse Kaye O'Neal informed Hunter that she should not return to work until she had updated orders from her medical provider. Hunter informed O'Neal that she had a follow up appointment with a medical specialist on March 4, 2019 and would thereafter provide further updated documentation of her disability-related physical impairments.

g.     On or about February 27, 2019, O'Neal instructed Hunter to apply for a leave of absence. Hunter applied for Family and Medical Leave Act ("FMLA") leave and non-FMLA leave that same day.

h.     On March 4, 2019, Hunter's medical specialist provider ordered permanent restrictions that required "clerical work" and restricted her

7

from lifting over five pounds and constant bending. Hunter contacted Shelby Baptist Medical Center and was informed that she would need to meet with O'Neal before she could return to work. Shelby Baptist Medical Center scheduled Hunter to meet with O'Neal on March 27, 2019.

       i.      On March 22, 2019, Hunter's medical provider specialist updated her restrictions, limiting her lifting to 15 pounds, adding no walking over 30 minutes in 12 hours and reiterating no constant bending.

       j.      Hunter met with O'Neal on March 27, 2019. Hunter provided O'Neal with the specialist's restrictions. O'Neal informed Hunter that the specialist's restrictions would prevent her from performing the functions of her position as a Behavioral Health Technician. Hunter responded that she wished to be reassigned to a vacant position and informed O'Neal that she had already applied for several vacancies.

       k.      Shelby Baptist Medical Center failed to accommodate Charging Party's request for reassignment into one of the many vacant positions for which she was qualified and applied at Shelby Baptist Medical Center and other Tenet facilities.

       l.      On June 6, 2019, Defendant terminated Hunter via letter. Shelby Baptist Medical Center terminated Hunter because of her disability, terminated her based on the need to make reasonable accommodation of her

physical impairments, and retaliated against Hunter by terminating her when she engaged in the protected activity of seeking a reasonable accommodation for her disability.

17.    The effect of the practices complained of in Paragraph 16 (including subparts a through l) has been to deprive Hunter of equal employment opportunities and otherwise adversely affect her status as an employee because of her actual or perceived disability.

18.    The unlawful employment practices complained of in Paragraph 16 (including subparts a through l) were intentional.

19.    The unlawful employment practices complained of in Paragraph 16 (including subparts a through l) were done with malice or with reckless indifference to the federally protected rights of Hunter.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

a.    Grant a permanent injunction enjoining each Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing to reasonably accommodate disabled employees and from discharging employees because they are disabled.

b.    Order each Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for qualified individuals

with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

      c.      Order Defendants to make Hunter whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

      d.      Order Defendants to make Hunter whole by providing compensation for any past and future pecuniary losses, including medical expenses and job search expenses, if any, resulting from the unlawful employment practices described in Paragraph 18 (including subparts a through l) above, in amounts to be determined at trial.

      e.      Order Defendants to make Hunter whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in Paragraph 18 (including subparts a through l) above including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      f.      Order Defendants to pay Hunter punitive damages for their malicious and reckless conduct, in amounts to be determined at trial.

      g.      Order Defendants to provide Hunter appropriate equitable relief, in the form of reinstatement and/or an appropriate award of front pay.

h.     Grant such further relief as the Court deems necessary and proper in the public interest.

i.     Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

GWENDOLYN YOUNG REAMS
Acting General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE
Washington, DC 20507


Marsha Lynn Rucker (PA 90041)
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Tel.: (205) 651-7045
marsha.rucker@eeoc.gov