FILED

2023 Aug-23  PM 06:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:23-cv-00630-ACA |
| TENET HEALTHCARE CORPORATION; TENET | ) | |
| HEALTHSYSTEM MEDICAL, INC.; BROOKWOOD | ) | JURY TRIAL DEMANDED |
| ANCILLARY HOLDINGS, INC.; BROOKWOOD BAPTIST | ) | |
| HEALTH 2, LLC; BBH SBMC, LLC; BROOKWOOD | ) | |
| CENTER DEVELOPMENT CORPORATION; | ) | |
| AND BCDC EMPLOYEECO, LLC, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

─────────────────────────────────────────────

**AMENDED COMPLAINT**

─────────────────────────────────────────────

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991, against Defendants Tenet Healthcare Corporation; Tenet HealthSystem Medical, Inc.; Brookwood Ancillary Holdings, Inc.; Brookwood Baptist Health 2, LLC; BBH SBMC, LLC; Brookwood Center Development Corporation; and BCDC EmployeeCo, LLC. This action is brought to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Dalphine Hunter, who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission alleges

Defendants refused to provide Hunter, a qualified individual with a disability, with a reasonable accommodation of her disability and instead discharged her based on her disability and as retaliation for engaging in protected activity on the basis of her disability.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Alabama.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Titles I and V of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42

U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.    Defendant Tenet Healthcare Corporation ("Tenet") has at all relevant times, including since April 30, 2018, continuously (a) operated one of the largest hospital chains in the United States, (b) been publicly traded and owned, (c) been organized as a Nevada corporation, (d) been doing business in Alabama, including through its subsidiaries, and (e) had 15 or more employees.

5.    Defendant Tenet HealthSystem Medical, Inc. ("THSMI") has at all relevant times, including since April 30, 2018, continuously (a) been an indirect subsidiary of Defendant Tenet, (b) been wholly owned by Defendant Tenet through an intermediate subsidiary, non-party Healthcare Network Holdings, Inc.,  (c) been organized as a Delaware corporation, (d) been doing business in Alabama, including through its subsidiaries, and (e) had 15 or more employees.

6.    Defendant Brookwood Ancillary Holdings, Inc. ("BAHI") has at all relevant times, including since April 30, 2018, continuously (a) been an indirect subsidiary of Defendant Tenet, (b) been wholly owned by Defendant THSMI,  (c) been organized as a Delaware corporation, (d) been doing business in Alabama, including through its subsidiaries, and (e) had 15 or more employees.

7.    Defendant Brookwood Baptist Health 2, LLC ("BBH2") has at all relevant times, including since April 30, 2018, continuously (a) been an indirect

subsidiary of Defendant Tenet, (b) been at least majority owned by Defendant BAHI, (c) been organized as a Delaware limited liability company, (d) been doing business in Alabama, including through its subsidiaries, and (e) had 15 or more employees.

8. Defendant BBH SBMC, LLC ("BBH SBMC") has at all relevant times, including since April 30, 2018, continuously (a) been an indirect subsidiary of Defendant Tenet, (b) been wholly owned by Defendant BBH2, (c) been organized as a Delaware limited liability company, (d) been doing business in Alabama, including through its subsidiaries, and (e) had 15 or more employees.

9. Defendant Brookwood Center Development Corporation ("BCDC") has at all relevant times, including since April 30, 2018, continuously (a) been an indirect subsidiary of Defendant Tenet, (b) been wholly owned by Defendant THSMI, (c) been organized as an Alabama corporation, (d) been doing business in Alabama, including through its subsidiaries, and (e) had 15 or more employees.

10. Defendant BCDC EmployeeCo, LLC ("BCDCEC") has at all relevant times, including since April 30, 2018, continuously (a) been an indirect subsidiary of Defendant Tenet, (b) been at least majority owned by Defendant BCDC, (c) been organized as a Delaware limited liability company, (d) been doing business in Alabama, including through its subsidiaries, and (e) had 15 or more employees.

11. Each Defendant has at all relevant times, including since April 30, 2018, continuously been an employer engaged in an industry affecting commerce

4

within the meaning of Section 101(5) and 101 (7) of the ADA, 42 U.S.C. § 12111(5), (7).

12.    Each Defendant has at all relevant times, including since April 30, 2018, continuously been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## DEFENDANTS' INTEGRATED OPERATION OF SHELBY BAPTIST MEDICAL CENTER

13.    Shelby Baptist Medical Center has, since April 30, 2018, been a hospital in Alabaster, Alabama.

14.    Defendant BBH SBMC has, since April 30, 2018, been the state-licensed operator for Shelby Baptist Medical Center and leased Shelby Baptist Medical Center's real property.

15.    Defendant BCDCEC paid Hunter wages Shelby Baptist Medical Center owed her.

16.    Defendant BCDCEC has, since April 30, 2018, paid wages owed Shelby Baptist Medical Center's employees.

17.    Shelby Baptist Medical Center has, since April 30, 2018, been a component of Brookwood Baptist Health.

18.    Brookwood Baptist Health has, since April 30, 2018, been an integrated system.

5

19.    Brookwood Baptist Health has, since April 30, 2018, operated five hospitals located across central Alabama: Shelby Baptist Medical Center, Brookwood Baptist Medical Center, Citizens Baptist Medical Center, Princeton Baptist Medical Center, and Walker Baptist Medical Center.

20.    Non-party BBH BMC, LLC has, since April 30, 2018, been the state-licensed operator for Brookwood Baptist Medical Center and leased Brookwood Baptist Medical Center's real property.

21.    Non-party BBH BMC, LLC has, since April 30, 2018, been wholly owned by non-party Brookwood Baptist Health 1, LLC. Non-party Brookwood Baptist Health 1, LLC has, since April 30, 2018, been at least majority owned by non-party party Brookwood Health Services, Inc. Brookwood Health Services, Inc. has, since April 30, 2018, been wholly owned by Defendant THSMI.

22.    Defendant BCDCEC has, since April 30, 2018, paid wages owed Brookwood Baptist Medical Center's employees.

23.    Non-party BBH CBMC, LLC has, since April 30, 2018, been the state-licensed operator for Citizens Baptist Medical Center and owned Citizens Baptist Medical Center's real property.

24.    Defendant BBH2 has, since April 30, 2018, wholly owned non-party BBH CBMC, LLC.

25.     Defendant BCDCEC has, since April 30, 2018, paid wages owed Citizens Baptist Medical Center's employees.

26.     Non-party BBH PBMC, LLC has, since April 30, 2018, been the state-licensed operator for Princeton Baptist Medical Center and owned Princeton Baptist Medical Center's real property.

27.     Defendant BBH2 has, since April 30, 2018, wholly owned non-party BBH PBMC, LLC.

28.     Defendant BCDCEC has, since April 30, 2018, paid wages owed Princeton Baptist Medical Center's employees.

29.     Non-party BBH WBMC, LLC has, since April 30, 2018, been the state-licensed operator for Walker Baptist Medical Center and owned Walker Baptist Medical Center's real property.

30.     Defendant BBH2 has, since April 30, 2018, wholly owned non-party BBH WBMC, LLC.

31.     Defendant BCDCEC has, since April 30, 2018, paid wages owed Walker Baptist Medical Center's employees.

32.     On information and belief, Defendant BCDCEC has, since April 30, 2018, paid wages owed Brookwood Baptist Health's employees.

33.    Shelby Baptist Medical Center used a Brookwood Baptist Health job description to (a) hire Hunter for her position, (b) assess Hunter's job performance, and (c) evaluate her requests for reasonable accommodation.

34.    Shelby Baptist Medical Center has, since April 30, 2018, used Brookwood Baptist Health job descriptions to (a) hire for and fill open positions, (b) assess employee job performance, and (c) evaluate employees' requests for reasonable accommodation.

35.    On information and belief, Brookwood Baptist Health, Brookwood Baptist Medical Center, Citizens Baptist Medical Center, Princeton Baptist Medical Center, and Walker Baptist Medical Center have each, since April 30, 2018, used Brookwood Baptist Health job descriptions to (a) hire for and fill open positions, (b) assess employee job performance, and (c) evaluate employees' requests for reasonable accommodation.

36.    Shelby Baptist Medical Center applied Brookwood Baptist Health policies to Hunter's employment.

37.    Shelby Baptist Medical Center has, since April 30, 2018, applied Brookwood Baptist Health policies to its employees.

38.    On information and belief, Brookwood Baptist Health, Brookwood Baptist Medical Center, Citizens Baptist Medical Center, Princeton Baptist Medical

Center, and Walker Baptist Medical Center have each, since April 30, 2018, applied Brookwood Baptist Health policies to their respective employees.

39.    Shelby Baptist Medical Center has, since April 30, 2018, been a component of Defendant Tenet's nationwide healthcare network.

40.    Brookwood Baptist Health, Brookwood Baptist Medical Center, Citizens Baptist Medical Center, Princeton Baptist Medical Center, and Walker Baptist Medical Center have each, since April 30, 2018, been a component of Defendant Tenet's nationwide healthcare network.

41.    Each of the Defendants has, since April 30, 2018, shared at least one office.

42.    Each of the Defendants has, since April 30, 2018, shared Defendant Tenet's headquarters.

43.    The President of Defendants BAHI and BCDC has, since April 30, 2018, been the same person.

44.    The Secretary of Defendants THSMI, BAHI, BCDC has, since April 30, 2018, been the same person.

45.    On information and belief, Defendants have, since April 30, 2018, shared other managers and officers.

46.    Defendants have, since April 30, 2018, dealt favorably with one another, rather than through arms' length transactions.

47.    Defendants have, since April 30, 2018, centralized their accounting and financial operations.

48.    Defendants have, since April 30, 2018, centralized control of labor relations.

49.    Defendants have, since April 30, 2018, centralized their retention and use of certain professional legal services.

50.    Each of the actions alleged in paragraphs 13 through 49 resulted from coordinated action among the Defendants, including coordination with and through other entities under the control or influence of a Defendant.

51.    Defendant Tenet has, since April 30, 2018, described itself to its investors and the market as operating "regionally focused, integrated healthcare delivery networks" and a "nationwide care delivery network."

52.    Defendant Tenet has, since April 30, 2018, reported to its investors and the market that it "operate[s] regionally focused, integrated healthcare delivery networks" and "operate[s] our expansive, nationwide care delivery network through direct and indirect subsidiaries."

53.    Defendant Tenet has, since April 30, 2018, reported to its investors and the market that it operates dozens of hospitals.

54.    Defendant Tenet has, since April 30, 2018, reported to its investors and the market that it operates Shelby Baptist Medical Center

55.     Defendant Tenet has, since April 30, 2018, reported to its investors and the market that it operates Brookwood Baptist Medical Center, Citizens Baptist Medical Center, Princeton Baptist Medical Center, and Walker Baptist Medical Center.

56.     Defendant Tenet has, since April 30, 2018, reported to its investors and the market that it employs tens of thousands of hospital employees.

57.     Defendant Tenet has, since April 30, 2018, reported to its investors and the market that it has "a comprehensive set of practices for recruiting, managing and optimizing the human resources of our organization."

58.     Shelby Baptist Medical Center applied Defendant Tenet's policies to Hunter's employment.

59.     Shelby Baptist Medical Center has, since April 30, 2018, applied Defendant Tenet's policies to its employees.

60.     On information and belief, Brookwood Baptist Health, Brookwood Baptist Medical Center, Citizens Baptist Medical Center, Princeton Baptist Medical Center, and Walker Baptist Medical Center have each, since April 30, 2018, applied Defendant Tenet's policies to their respective employees.

61.     On information and belief, every other hospital in Defendant Tenet's national network has, since April 30, 2018, applied Defendant Tenet's policies to their respective employees.

11

62.    Defendant Tenet developed a policy entitled "Leave of Absence Program" that "applies to [Defendant Tenet] and its subsidiaries and affiliates."

63.    Shelby Baptist Medical Center applied aspects of Defendant Tenet's Leave of Absence Program policy to Hunter.

64.    Shelby Baptist Medical Center required Hunter to request a leave through a specialized, centralized group within Defendant Tenet's human resources department.

65.    Shelby Baptist Medical Center has, since April 30, 2018, applied Defendant Tenet's Leave of Absence Program policy to its employees.

66.    Shelby Baptist Medical Center has, since April 30, 2018, required employees to request a leave of absence through a specialized, centralized group within Defendant Tenet's human resources department.

67.    On information and belief, Brookwood Baptist Health, Brookwood Baptist Medical Center, Citizens Baptist Medical Center, Princeton Baptist Medical Center, and Walker Baptist Medical Center have each, since April 30, 2018, applied Defendant Tenet's Leave of Absence Program policy to their respective employees.

68.    On information and belief, Brookwood Baptist Health, Brookwood Baptist Medical Center, Citizens Baptist Medical Center, Princeton Baptist Medical Center, and Walker Baptist Medical Center have each, since April 30, 2018, required

employees to request a leave of absence through a specialized, centralized group within Defendant Tenet's human resources department.

69.    On information and belief, every other hospital in Defendant Tenet's national network has, since April 30, 2018, applied Defendant Tenet's Leave of Absence Program policy to their respective employees.

70.    On information and belief, every other hospital in Defendant Tenet's national network has, since April 30, 2018, required employees to request a leave of absence through a specialized, centralized group within Defendant Tenet's human resources department.

71.    Defendant Tenet developed a policy entitled "Disability Accommodations" that "applies to [Defendant Tenet] and its subsidiaries and affiliates." The Disability Accommodations policy provides that "Employees should contact, or be directed to contact, the centralized ADA team to initiate their reasonable accommodation request."

72.    Shelby Baptist Medical Center applied aspects of Defendant Tenet's Disability Accommodations policy to Hunter.

73.    Shelby Baptist Medical Center has, since April 30, 2018, applied Defendant Tenet's Disability Accommodations policy to its employees.

74.    On information and belief, Brookwood Baptist Health, Brookwood Baptist Medical Center, Citizens Baptist Medical Center, Princeton Baptist Medical

Center, and Walker Baptist Medical Center have each, since April 30, 2018, applied Defendant Tenet's Disability Accommodations policy to their respective employees.

75.    On information and belief, every other hospital in Defendant Tenet's national network has, since April 30, 2018, applied Defendant Tenet's Disability Accommodations policy to their respective employees.

76.    Defendant Tenet drafted and promulgated for use in each of its hospitals a "Reasonable Accommodation Worksheet for Qualified Employees with Disabilities."

77.    Shelby Baptist Medical Center used Defendant Tenet's Reasonable Accommodation Worksheet for Qualified Employees with Disabilities with respect to Hunter.

78.    Shelby Baptist Medical Center has, since April 30, 2018, used Defendant Tenet's Reasonable Accommodation Worksheet for Qualified Employees with Disabilities to evaluate requests for reasonable accommodation from its employees.

79.    On information and belief, Brookwood Baptist Health, Brookwood Baptist Medical Center, Citizens Baptist Medical Center, Princeton Baptist Medical Center, and Walker Baptist Medical Center have each, since April 30, 2018, used Defendant Tenet's Reasonable Accommodation Worksheet for Qualified

Employees with Disabilities to evaluate requests for reasonable accommodation from their respective employees.

80.    On information and belief, every other hospital in Defendant Tenet's national network has, since April 30, 2018, used Defendant Tenet's Reasonable Accommodation Worksheet for Qualified Employees with Disabilities to evaluate requests for reasonable accommodation from their respective employees.

81.    Defendant Tenet developed a policy entitled "Employee Conduct and Work Rules" that "applies to [Defendant Tenet] and its wholly-owned subsidiaries and affiliates (each, an 'Affiliate')" and "any other entity or organization in which [Defendant Tenet] or an Affiliate owns a direct or indirect equity interest greater than 50%."

82.    Shelby Baptist Medical Center applied aspects of Defendant Tenet's Employee Conduct and Work Rules policy to Hunter.

83.    Shelby Baptist Medical Center has, since April 30, 2018, applied Defendant Tenet's Employee Conduct and Work Rules policy to its employees.

84.    On information and belief, Brookwood Baptist Health, Brookwood Baptist Medical Center, Citizens Baptist Medical Center, Princeton Baptist Medical Center, and Walker Baptist Medical Center have each, since April 30, 2018, applied Defendant Tenet's Employee Conduct and Work Rules policy to their respective employees.

85.    On information and belief, every other hospital in Defendant Tenet's national network has, since April 30, 2018, applied Defendant Tenet's Employee Conduct and Work Rules policy to their respective employees.

86.    Defendant Tenet developed a policy entitled "Programmatic Corrections and/or Disciplinary Action" that "applies to [Defendant Tenet] and its wholly-owned subsidiaries and affiliates" and "any other entity or organization in which [Defendant Tenet] or affiliate owns a direct or indirect equity interest of 50% or more."

87.    Shelby Baptist Medical Center applied aspects of Defendant Tenet's Programmatic Corrections and/or Disciplinary Action policy to Hunter.

88.    Shelby Baptist Medical Center has, since April 30, 2018, applied Defendant Tenet's Programmatic Corrections and/or Disciplinary Action policy to its employees.

89.    On information and belief, Brookwood Baptist Health, Brookwood Baptist Medical Center, Citizens Baptist Medical Center, Princeton Baptist Medical Center, and Walker Baptist Medical Center have each, since April 30, 2018, applied Defendant Tenet's Programmatic Corrections and/or Disciplinary Action policy to their respective employees.

90.    On information and belief, every other hospital in Defendant Tenet's national network has, since April 30, 2018, applied Defendant Tenet's Programmatic Corrections and/or Disciplinary Action policy to their respective employees.

91.    Defendants have, since April 30, 2018, centralized policymaking for employees at Shelby Baptist Medical Center.

92.    Defendants have, since April 30, 2018, maintained and enforced policies for employees at Shelby Baptist Medical Center that are substantially similar if not identical to employment policies that Defendants and/or other entities under the control or influence of a Defendant maintain and enforce at Brookwood Baptist Health, Brookwood Baptist Medical Center, Citizens Baptist Medical Center, Princeton Baptist Medical Center, and Walker Baptist Medical Center.

93.    Defendants have, since April 30, 2018, maintained and enforced policies for employees at Shelby Baptist Medical Center that are substantially similar if not identical to employment policies that Defendants and/or other entities under the control or influence of a Defendant maintain and enforce at every other hospital in Defendant Tenet's national network.

94.    Defendant Tenet has, since April 30, 2018, used a centralized, nationwide applicant tracking system ("ATS") to post job openings at any of its hospitals or other medical facilities, collect applications, and track job candidates through the hiring process.

17

95.    Shelby Baptist Medical Center has, since April 30, 2018, used Defendant Tenet's centralized, nationwide ATS to hire for positions at Shelby Baptist Medical Center.

96.    On information and belief, Brookwood Baptist Health, Brookwood Baptist Medical Center, Citizens Baptist Medical Center, Princeton Baptist Medical Center, and Walker Baptist Medical Center have each, since April 30, 2018, used Defendant Tenet's centralized, nationwide ATS to hire for positions at their respective hospitals.

97.    On information and belief, every other hospital in Defendant Tenet's national network has, since April 30, 2018, used Defendant Tenet's centralized, nationwide ATS to hire for positions at their respective hospitals.

98.    Defendant Tenet has, since April 30, 2018, advertised job openings at Shelby Baptist Medical Center.

99.    Shelby Baptist Medical Center's website has, since April 30, 2018, directed persons seeking open job listings to Defendant Tenet's website. Specifically, https://www.shelbybaptistmedicalcenter.com/careers redirects to https://jobs.tenethealth.com/brookwood.

100.  Brookwood Baptist Health's website has, since April 30, 2018, redirected persons seeking open job listings to Defendant Tenet's website.

Specifically, https://www.brookwoodbaptisthealth.com/careers redirects to https://jobs.tenethealth.com/brookwood.

101.  The webpage https://www.brookwoodbaptisthealth.com/careers has, since April 30, 2018, informed potential job applicants that Brookwood Baptist Health's "system of five hospitals across central Alabama . . . is part of Tenet Healthcare, a nationwide healthcare network offering a wide range of benefits, including employee discounts, continuing education, tuition reimbursement, and leadership training to help you advance your career."

102.  Defendant Tenet has, since April 30, 2018, sponsored the Tenet Employee Benefit Plan, an employee welfare plan under the Employee Retirement Income Security Act of 1974.

103.  The Tenet Employee Benefit Plan has, since April 30, 2018, been participated in by tens of thousands of employees each year.

104.  Hunter was eligible to participate in the Tenet Employee Benefit Plan while employed by Shelby Baptist Medical Center.

105.  Employees of Shelby Baptist Medical Center have, since April 30, 2018, been eligible to participate in the Tenet Employee Benefit Plan.

106.  On information and belief, employees of Brookwood Baptist Health, Brookwood Baptist Medical Center, Citizens Baptist Medical Center, Princeton

Baptist Medical Center, and Walker Baptist Medical Center have, since April 30, 2018, been eligible to participate in the Tenet Employee Benefit Plan.

107.   On information and belief, employees of every other hospital in Defendant Tenet's national network have, since April 30, 2018, been eligible to participate in the Tenet Employee Benefit Plan.

108.   Defendant Tenet has, since April 30, 2018, sponsored the Tenet Healthcare Corporation 401(k) Retirement Savings Plan, an employee benefit plan under the Employee Retirement Income Security Act of 1974.

109.    The Tenet Healthcare Corporation 401(k) Retirement Savings Plan has, since April 30, 2018, been participated in by tens of thousands of employees each year.

110.   Hunter was eligible to participate in the Tenet Healthcare Corporation 401(k) Retirement Savings Plan while employed by Shelby Baptist Medical Center.

111.   Employees of Shelby Baptist Medical Center have, since April 30, 2018, been eligible to participate in the Tenet Healthcare Corporation 401(k) Retirement Savings Plan.

112.   On information and belief, employees of Brookwood Baptist Health, Brookwood Baptist Medical Center, Citizens Baptist Medical Center, Princeton Baptist Medical Center, and Walker Baptist Medical Center have, since April 30,

2018, been eligible to participate in the Tenet Healthcare Corporation 401(k) Retirement Savings Plan.

113.    On information and belief, employees of every other hospital in Defendant Tenet's national network have, since April 30, 2018, been eligible to participate in the Tenet Healthcare Corporation 401(k) Retirement Savings Plan.

114.    At all relevant times, including since April 30, 2018, Defendants continuously operated the Shelby Baptist Medical Center in Alabaster, Alabama as an integrated enterprise.

115.    At all relevant times, including since April 30, 2018, Defendants jointly employed Hunter and other employees who worked at the Shelby Baptist Medical Center.

116.    At all relevant times, including since April 30, 2018, Defendants have continuously been alter egos of one another with respect to Shelby Baptist Medical Center.

<u>**ADMINISTRATIVE PROCEDURES**</u>

117.    More than thirty days prior to the institution of this lawsuit, on November 18, 2019, Hunter filed a charge with the Commission alleging violations of the ADA by Respondent Shelby Baptist Medical Center.

118.    Defendants held themselves out as a single integrated enterprise—Shelby Baptist Medical Center—in responding substantively to Hunter's charge and the Commission's inquiries.

119.    On November 25, 2019, the Commission notified Shelby Baptist Medical Center about Hunter's charge. Each Defendant participates in the integrated operation of Shelby Baptist Medical Center and thus received this notice of Hunter's charge.

120.    On March 3, 2020, Shelby Baptist Medical Center responded to Hunter's charge by submitting to the Commission a letter on Brookwood Baptist Health letterhead. The letter stated that it "shall serve as the Statement of Position of Shelby Baptist Medical Center" in response to Hunter's charge.

121.    On February 16, 2021, the Commission sent Shelby Baptist Medical Center a request for information that was addressed to a Human Resources manager identified as an employee of Brookwood Baptist Health.

122.    On February 26, 2021, an attorney entered an appearance on behalf of "Respondent Shelby Baptist Medical Center" with respect to Hunter's charge.

123.    On March 18, 2021, the attorney who had appeared on behalf of Shelby Baptist Medical Center replied to the February 26, 2021 request for information on its behalf.

124.   On September 16, 2021, the Commission sent to the attorney who had appeared on behalf of Shelby Baptist Medical Center a request for information addressed to Brookwood Baptist Health.

125.   On September 29, 2021, the attorney who had appeared on behalf of Shelby Baptist Medical Center replied to the September 16, 2021 request for information on its behalf.

126.   On January 25, 2023, the Commission issued to Respondent Shelby Baptist Medical Center a Letter of Determination finding reasonable cause to believe that it had engaged in unlawful employment practices in violation of the ADA with respect to Hunter. The Letter invited Hunter and the Respondent to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief. Each Defendant participates in the integrated operation of Shelby Baptist Medical Center and thus received this Letter.

127.   On February 17, 2023, the Commission issued to Respondent Shelby Baptist Medical Center a Notice of Failure of Conciliation. The Notice advised the Respondent that the Commission had been unable to secure a conciliation agreement acceptable to the Commission. Each Defendant participates in the integrated operation of Shelby Baptist Medical Center and thus received this Notice.

128.   All conditions precedent to the institution of this lawsuit with respect to each Defendant have been fulfilled.

## STATEMENT OF CLAIMS

129.   Since at least February 25, 2019, Defendants engaged in unlawful employment practices in Alabaster, Alabama through their integrated operation of Shelby Baptist Medical Center. Shelby Baptist Medical Center subjected Hunter to discrimination, failed to accommodate her, and instead terminated her on the basis of her disability, in violation of Sections 102(a), (b)(5)(A), and (b)(5)(B) of the ADA, 42 U.S.C. §§ 12112(a), (b)(5)(A) and (b)(5)(B).   Shelby Baptist Medical Center retaliated against Hunter by terminating her when she engaged in the protected activity of seeking a reasonable accommodation for her disability, in violation of Section 503(a) of the ADA, 42 U.S.C. § 12203(a).

a.   Hunter was employed by Shelby Baptist Medical Center at its Alabaster, Alabama location from April 30, 2018, until her termination on June 6, 2019. Hunter worked as a Behavior Health Technician in Shelby Baptist Medical Center's Senior Care Unit until her discharge.

b.   At all relevant times, and at least from January 14, 2019 through June 6, 2019, Hunter was a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8) who, with an accommodation of a job transfer, could perform the essential functions of the vacant

24

positions for which she applied at Shelby Baptist Medical Center and other Brookwood Baptist Health and/or Tenet facilities.

      c.    At all times relevant to the events alleged in this complaint, Hunter had degenerative disc disease and a herniated disc in her back that substantially limited one or more major life activities, including musculoskeletal function, walking, lifting, and bending.

      d.    Shelby Baptist Medical Center knew of Hunter's back impairment and her limitations, as Hunter was diagnosed after suffering severe pain while on the job. As part of her daily responsibilities as a Behavioral Health Technician, Hunter was required to regularly lift and rotate patients. On January 14, 2019, Hunter began experiencing debilitating pain in her back while attempting to lift a patient. She requested the assistance of a tech or an orderly because of this pain and was ultimately sent home for the day. On January 17, 2019, Hunter's medical provider placed her on light duty with restrictions on lifting, pulling, sitting, and standing for at least two weeks. Hunter returned to work on January 22, 2019 and was given Constant Observer duties as an accommodation.

      e.    On February 1, 2019, Hunter's medical provider ordered an additional two weeks of light duty. On February 14, 2019, Hunter's medical provider ordered an additional two weeks of light duty.

f.    On or about February 25, 2019, Shelby Baptist Medical Center's Human Resources Employee Health Nurse Kaye O'Neal informed Hunter that she should not return to work until she had updated orders from her medical provider. Hunter informed O'Neal that she had a follow-up appointment with a medical specialist on March 4, 2022 and would thereafter provide further updated documentation of her disability-related physical impairments.

g.    On or about February 27, 2019, O'Neal instructed Hunter to apply for a leave of absence. Hunter applied for Family and Medical Leave Act ("FMLA") leave and non-FMLA leave that same day.

h.    On March 4, 2019, Hunter's medical specialist provider ordered permanent restrictions that required "clerical work" and restricted her from lifting over five pounds and constant bending. Hunter contacted Shelby Baptist Medical Center and was informed that she would need to meet with O'Neal before she could return to work. Shelby Baptist Medical Center scheduled Hunter to meet with O'Neal on March 27, 2019.

i.    On March 22, 2019, Hunter's medical provider specialist updated her restrictions, limiting her lifting to 15 pounds, adding no walking over 30 minutes in 12 hours and reiterating no constant bending.

j.    Hunter met with O'Neal on March 27, 2019. Hunter provided O'Neal with the specialist's restrictions. O'Neal informed Hunter that the

26

specialist's restrictions would prevent her from performing the functions of her position as a Behavioral Health Technician. Hunter responded that she wished to be reassigned to a vacant position and informed O'Neal that she had already applied for several vacancies.

      k.    Shelby Baptist Medical Center failed to accommodate Hunter's request for reassignment into one of the many vacant positions for which she was qualified and applied at Shelby Baptist Medical Center and other Brookwood Baptist Health and/or Tenet facilities.

      l.    On June 6, 2019, Shelby Baptist Medical Center terminated Hunter via letter. Shelby Baptist Medical Center terminated Hunter because of her disability, terminated her based on the need to make reasonable accommodation of her physical impairments, and retaliated against Hunter by terminating her when she engaged in the protected activity of seeking a reasonable accommodation for her disability.

    130.   The effect of the practices complained of in Paragraph 129 (including subparts a through l) has been to deprive Hunter of equal employment opportunities and otherwise adversely affect her status as an employee because of her actual or perceived disability.

    131.   The unlawful employment practices complained of in Paragraph 129 (including subparts a through l) were intentional.

132.    The unlawful employment practices complained of in Paragraph 129 (including subparts a through l) were done with malice or with reckless indifference to the federally protected rights of Hunter.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

a.    Grant a permanent injunction enjoining each Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from (i) failing to reasonably accommodate disabled employees, (ii) retaliating against a disabled employee who requests a reasonable accommodation or for whom a reasonable accommodation is requested, and (iii) from discharging employees because they are disabled.

b.    Order each Defendant to institute and carry out policies, practices and programs which (i) provide equal employment opportunities for qualified individuals with disabilities, (ii) provide  a workplace free from retaliation and disability discrimination, and (iii) eradicate the effects of its past and present unlawful employment practices.

c.    Order Defendants to make Hunter whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

28

d.      Order Defendants to make Hunter whole by providing compensation for any past and future pecuniary losses, including medical expenses and job search expenses, if any, resulting from the unlawful employment practices described in Paragraph 18 (including subparts a through l) above, in amounts to be determined at trial.

e.      Order Defendants to make Hunter whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in Paragraph 18 (including subparts a through l) above including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

f.      Order Defendants to pay Hunter punitive damages for their malicious and reckless conduct, in amounts to be determined at trial.

g.      Order Defendants to provide Hunter appropriate equitable relief, in the form of reinstatement and/or an appropriate award of front pay.

h.      Grant such further relief as the Court deems necessary and proper in the public interest.

i.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Amended Complaint.

Respectfully submitted, August 23, 2023,

EQUAL EMPLOYMENT                     Marsha L. Rucker
OPPORTUNITY COMMISSION               PA Bar No. 90041
Birmingham District Office           Regional Attorney
Ridge Park Place, Suite 2000         marsha.rucker@eeoc.gov
1130 22nd Street South               (205) 651-7045
Birmingham, Alabama  35205

                                     Gerald L. Miller
                                     AL Bar No. asb-1454-E52G
                                     Assistant Regional Attorney
                                     gerald.miller@eeoc.gov
                                     (205) 651-7026

                                     Bryan A. Grayson
                                     AL Bar No. ASB-8944-N65G
                                     Supervisory Trial Attorney
                                     bryan.grayson@eeoc.gov
                                     (205) 651-7073

                                     Austin T. Russell
                                     AL Bar No. ASB-6418S13J
                                     Trial Attorney
                                     austin.russell@eeoc.gov
                                     (205) 651-7079

EQUAL EMPLOYMENT                     /s/ Trent Thompson
OPPORTUNITY COMMISSION               Wm. Trent Thompson
Mobile Local Office                  NY Bar No. 5232525
63 South Royal Street, Suite 504     Trial Attorney
Mobile, AL  36602                    william.thompson@eeoc.gov
                                     (205) 651-7065