IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 2:23-cv-00630-MHH |
| TENET HEALTHCARE CORPORATION, ET AL., | ) |
| | ) |
| DEFENDANTS. | ) |

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission filed a lawsuit against Defendants Tenet Healthcare Corporation; Tenet HealthSystem Medical, Inc.; Brookwood Ancillary Holdings, Inc.; Brookwood Baptist Health 2, LLC; BBH SBMC, LLC; Brookwood Center Development Corporation; and BCDC EmployeeCo, LLC pursuant to Titles I and V of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111, *et seq.* ("ADA"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

In its operative Amended Complaint, the Commission alleged that Defendants refused to provide Charging Party Dalphine Hunter, a qualified individual with a disability, with a reasonable accommodation and instead discharged her based on

her disability and in retaliation for engaging in protected activity based on her disability.

Defendant BBH SBMC, LLC answered the Amended Complaint, alleging it does business as Shelby Baptist Medical Center, alleging it was Ms. Hunter's employer, denying any violation of the law, denying any liability to the Commission or to Ms. Hunter, and asserting various defenses. The other Defendants moved to dismiss the Amended Complaint, contending that it fails to state any claim against any or all of them upon which relief can be granted.

## RECITALS

I.      In the interest of resolving this matter, and avoiding the expense of further litigation, the Commission and Defendants (the "Parties") have agreed that this action shall be finally resolved by entry of this Decree. The Parties agree that the terms of this Decree are adequate, fair, and reasonable.

II.     The Parties do not object to the jurisdiction of this Court over the Parties and the subject matter of this lawsuit and agree to the power of this Court to approve this Decree and enforce it as to the Parties.

III.    The Parties agree to entry of this Decree without trial or further adjudication of the claims made by the Commission in this lawsuit and waive their rights to a hearing, the entry of findings of fact and conclusions of law, and a jury trial.

IV.   The Parties agree that this Decree is final and binding upon Defendants and their agents, officers, successors, and assigns.

V.   The Parties agree that when this Decree requires Defendants to send documents, reports, information, notice, and/or items to the Commission, the same shall be sent by mail to the attention of Marsha Rucker, Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205, and concurrently emailed to marsha.rucker@eeoc.gov with the subject "Brookwood Baptist Health ADA Decree".

THEREFORE, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to and the subject matter of this action, (ii) this Decree is intended to and does resolve all matters in controversy in this lawsuit among the Parties, and (iii) the terms of this Decree constitute a fair and equitable settlement of all issues between the Parties in this lawsuit.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

1. This Decree is entered into by the Commission and Defendants.
2. This Decree shall be final and binding between the Commission and Defendants.

3. This Decree shall resolve all claims which were raised by the Commission in its Complaint and Amended Complaint in Civil Action No. 2:23-cv-00630-MHH.

4. The Parties agree to the entry of this Decree subject to final approval by the Court.

5. This Decree shall be filed in the United States District Court for the Northern District of Alabama, Southern Division, and shall be in effect, and continue to be in effect, for a period of two (2) years from the date of entry of this Decree by the Court. For all purposes in this Decree, the date of entry is the date the Court enters it into the record with the Judge's signature.

6. Absent extension, this Decree shall expire by its own terms at the end of two (2) years from the date of entry of this Decree without further action by the Parties.

7. The Court shall retain jurisdiction over this case to enforce the terms of the Decree for the duration of the Decree, during which any Party may petition this Court for compliance with this Decree. Should the Court determine that any Party has not complied with this Decree, appropriate relief, including extension of the Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

8. Any modification of this Decree by any Party shall be made by motion to the Court.

9. Nothing in this Decree shall be construed to limit the obligations of Defendants under the ADA.

10. Nothing in this Decree shall be construed to affect the Commission's authority to process or litigate any current or future charge of discrimination filed with the Commission or against Defendants.

## MONETARY RELIEF

11. Defendants shall pay Charging Party monetary relief in the gross, aggregate amount of sixty thousand dollars ($60,000) allocated as follows: (a) twenty-five thousand dollars ($25,000) allocated to alleged back pay and benefits, with this amount being subject to applicable withholding deductions, and (b) thirty-five thousand dollars ($35,000) allocated to alleged compensatory and punitive damages. Defendants shall pay the employer's share of the amount designated as back pay and remit required deductions to the appropriate government entity.

12. Following entry of this Decree, the Commission shall provide to Defendants' counsel of record the Charging Party's address, completed W-4 and W-9 tax forms, and signed release in the form attached hereto as Exhibit B.

13. Within thirty (30) days following the Commission's provision of the items specified in the prior paragraph, Defendants shall issue payment of the monetary relief (less required deductions) to Charging Party by mailing by certified mail to the address provided by the Commission separate checks for each allocated amount made payable to Charging Party. Concurrently, copies of the checks and evidence of certified mailing shall be submitted to the Commission.

14. Defendants shall promptly notify the Commission if any mailing to Charging Party is returned as undeliverable.

## OTHER INDIVIDUAL RELIEF

15. To the extent Ms. Hunter requires any employment reference, information, or verification, Ms. Hunter shall direct all inquiries to Defendants' vendor for such services, The Work Number, at 1-800-660-3399, employer code 10251, which provides only neutral information, including in response to inquiries about Ms. Hunter, such as confirmation of dates of employment and job title.

## GENERAL INJUNCTIVE RELIEF

16. Defendants shall promptly and appropriately investigate potential ADA violations, including but not limited to, reports of improper disclosures of confidential medical information, disability-based discrimination, disability-

based harassment, or retaliation, and shall respond promptly and appropriately when investigation substantiates any such report.

17. Defendants, including their officers, agents, successors, and assigns, and all of those in active concert or participation with them, are permanently enjoined for the duration of this Decree at Shelby Baptist Medical Center, Brookwood Baptist Medical Center, Walker Baptist Medical Center, Princeton Baptist Medical Center, and Citizens Baptist Medical Center (hereinafter referred to collectively as "Brookwood Baptist Health") from the following:

   A. discriminating against an applicant or employee on the basis of disability;

   B. failing to hire a qualified applicant or discharging a qualified employee because they have a disability;

   C. failing to provide reasonable accommodations to a qualified applicant or employee with a disability;

   D. failing to consider whether a qualified employee who can no longer perform the essential functions of their position could be reasonably accommodated by reassigning them to a vacant position for which the employee is qualified;

   E. failing to hire an applicant or discharging an employee because they requested a reasonable accommodation under the ADA;

F. retaliating against an individual because that individual has requested a reasonable accommodation under the ADA;

G. retaliating against an individual because that individual has opposed conduct reasonably believed to violate the ADA; and

H. retaliating against an individual because that individual has made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under the ADA.

## WORKPLACE POLICY ENHANCEMENTS

18. Within seventy-five (75) days following the entry of this Decree, Defendants shall review their employment policies and implement or maintain policies at Brookwood Baptist Health that include, at a minimum, the following:

    A. A commitment to creating and maintaining a workplace that complies with the ADA and is free of discrimination and retaliation;

    B. An understanding that discrimination includes failing to reasonably accommodate a qualified applicant or employee with a disability;

    C. A process through which applicants and employees may seek reasonable accommodation under the ADA;

    D. A commitment to give individualized consideration to each request for reasonable accommodation under the ADA;

E.  A list of example reasonable accommodations under the ADA, including job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisitions or modifications of equipment, and workplace accessibility improvements.

F.  A commitment that when no reasonable accommodation is available that would allow an employee with a disability to remain in their existing position, reassignment to a vacant position shall be considered through an interactive process that identifies the employee's qualifications and interests, and the vacant positions, if any, for which the employee is qualified;

G.  A statement encouraging employees who believe they have been discriminated or retaliated against, or who believe they have witnessed discrimination or retaliation, to report it.

H.  A statement that discrimination or retaliation can be reported to an immediate supervisor or to Human Resources, a centralized mechanism that is conveniently accessible, confidential, and reliable.

I.  A commitment that persons who complain about discrimination or retaliation shall not be retaliated against.

J.  A commitment to document and investigate all reports of discrimination or retaliation promptly, fairly, reasonably, effectively,

expeditiously, and as confidentially as possible under the circumstances.

K. A commitment to take appropriate corrective and remedial action when discrimination or retaliation has occurred, including taking disciplinary and other appropriate actions.

L. A commitment to taking disciplinary and corrective action against any supervisory employee who engages in discrimination or retaliation, who fails to appropriately address discrimination or retaliation, or who otherwise fails to comply with policies related to discrimination or retaliation.

M. A commitment to prohibiting retaliation against any individual because that individual has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the ADA.

N. A commitment to introduce Defendants' policies, including those concerning discrimination and retaliation, to all newly hired employees in orientation and/or on-boarding, generally within fourteen (14) days of their hire.

O. An explanation of how employees may access and review Defendants' policies, including those concerning discrimination and retaliation, online from any location.

    P.    A commitment to introduce Defendants' policies, including those concerning discrimination and retaliation (and appropriate responses to request for accommodation and complaints of potential discrimination or retaliation) to all newly hired or promoted managerial and Human Resources employees within fourteen (14) days of their hire.

19.    Within ninety (90) days of the entry of this Decree, Defendants shall cause the employment policies described in paragraph 18 to be submitted to the Commission and confirm that they are being maintained or have been fully implemented at Brookwood Baptist Health and made accessible to employees online from any location.

## TRAINING

20.    Within forty-five (45) days of entry of this Decree, Defendants shall include content on employment discrimination and retaliation, including the following topics, in its orientation or on-boarding for all new hires at Brookwood Baptist Health (Non-Supervisory Orientation):

    A.    Defendants' policies regarding discrimination and retaliation, including disability and reasonable accommodation;

    B.    The importance of maintaining an environment free from discrimination and retaliation;

    C.    An explanation that Defendants will reasonably accommodate qualified applicants and qualified employees with disabilities in accordance with the ADA;

    D.    An explanation of how an employee may request a reasonable accommodation under the ADA; and

    E.    Avenues available to employees to report complaints of discrimination or retaliation.

21.    Within ninety (90) days of entry of this Decree and annually thereafter, but in no event less than twice during the duration of the Decree, Defendants shall provide all managerial and Human Resources employees at Brookwood Baptist Health additional computer-based training (Supervisory Training) about employment discrimination and retaliation that includes these topics:

    A.    Preventing, identifying, addressing, and remedying discrimination and retaliation;

    B.    Receiving, documenting, reporting or investigating, and resolving reports of discrimination, harassment, and retaliation;

    C.    Receiving, reporting or evaluating, and resolving requests for reasonable accommodation, including interacting with the applicant or employee to understand the limitation(s) of their disability and identify any reasonable accommodation; and

    D.    Considering reassignment to a vacant position as a reasonable accommodation, when no reasonable accommodation is available that would allow an employee with a disability to remain in their existing position, including interacting with the employee to identify the employee's qualifications and interests, and the vacant positions, if any, for which the employee is qualified.

22. Defendants shall submit materials for each such training, including any material revisions thereto, to the Commission upon or before implementation.

23. For the duration of this Decree, Defendants shall provide the Non-Supervisory Orientation to all new or rehired non-supervisory employees at Brookwood Baptist Health at orientation or on-boarding, generally within fourteen (14) days of their employment or rehire.

24. For the duration of this Decree, Defendants shall provide the Supervisory Training to all new or rehired supervisory employees at Brookwood Baptist Health within fourteen (14) days of their employment or rehire in a supervisory role.

25. For the duration of this Decree, Defendants shall create and maintain an attendance registry for each such training at Brookwood Baptist Health, documenting each attendee's name and date of completion. Defendants shall submit such attendance registries to the Commission within one hundred

twenty (120) days of entry of this Decree. The Commission's acceptance or review of these materials shall not constitute approval of the materials.

26. The content for each such orientation/training shall be created by a person with expertise regarding discrimination, harassment, and retaliation and the particular topics identified for each training.

## POSTING OF NOTICE

27. Within thirty (30) calendar days of the entry of this Decree, Defendants shall sign and post copies of the notice attached as Exhibit A to this Consent Decree on all locations usually used at their Brookwood Baptist Health facilities for announcements and notices to employees. This notice shall remain posted throughout the term of this Decree.

## SUCCESSOR NOTIFICATION

28. For the duration of this Decree, prior to the full or partial sale or transfer of ownership rights or interests in Brookwood Baptist Health, Defendants shall provide written notice of this Decree and its contents to any potential purchaser or transferee.

29. For the duration of this Decree, Defendants shall provide notice and a copy of this Decree to any successors or any other corporation or other entity that acquires Brookwood Baptist Health and any other corporation or other entity into which it may merge.

## DISPUTE RESOLUTION

30. If, during the duration of this Decree, the Commission believes that Defendants have failed to comply with any provision of this Decree, the Commission shall notify Defendants or their counsel of the alleged non-compliance and shall afford Defendants thirty (30) days thereafter to remedy the non-compliance or to satisfy the Commission the alleged non-compliance is not well founded. If Defendants has not remedied or otherwise addressed the alleged non-compliance to the Commission's satisfaction within thirty (30) days, the Commission may apply to the Court for appropriate relief.

## ATTORNEYS' FEES

31. The Parties shall bear their own attorneys' fees and costs incurred in this action up to the date of the entry of this Consent Decree.

## FORM 1098-F

32. The Commission may be required to report the fact of this Decree to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the Commission is required to do so, the Commission will provide Defendants with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

A. Within 10 business days of the signing of this agreement, Defendants agree to provide the Commission 1) the paying Defendant's EIN and 2) the individual and physical address to whom the EEOC should mail the copy of the Form 1098-F, if the EEOC is required to issue one.

B. The Commission has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

C. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

D. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

E. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

SO ORDERED, ADJUDGED, and DECREED this _____ day of _____, 2024.

_____
UNITED STATES DISTRICT JUDGE

## **EXHIBIT A – NOTICE TO ALL EMPLOYEES**

This Notice is posted as part of the resolution of a lawsuit filed by the United States Equal Employment Opportunity Commission that alleged Defendants Tenet Healthcare Corporation; Tenet HealthSystem Medical, Inc.; Brookwood Ancillary Holdings, Inc.; Brookwood Baptist Health 2, LLC; BBH SBMC, LLC; Brookwood Center Development Corporation; and BCDC EmployeeCo violated Title I of the Americans with Disabilities Act (the ADA), as amended, by failing to provide an employee of Shelby Baptist Medical Center, whose disability prevent them from performing the essential functions of their existing position, transfer to a vacant position for which they were qualified as a reasonable accommodation.

The ADA prohibits discrimination against qualified applicants and employees based on disability. The law also makes it illegal to retaliate against a person because the person complained about discrimination, filed a charge of discrimination, or participated in an employment discrimination investigation or lawsuit. The ADA prohibits discrimination against applicants or employees based on disability in all employment practices, including hiring, firing, advancement, compensation, training, and other terms, conditions, and privileges of employment. The ADA also requires employers to reasonably accommodate a qualified applicant or employee with a disability.

Brookwood Baptist Health management wishes to emphasize our policy of providing equal employment opportunity in all areas and employment practices. Employees with questions or concerns are encouraged to contact any member of Human Resources.

If you believe you have been discriminated against; been harassed; been denied a reasonable accommodation; been subjected to retaliation; witnessed discrimination, harassment, or retaliation; or, had your confidential medical information improperly disclosed, you may contact the EEOC. The EEOC charges no fees and has employees who speak languages other than English.

This Notice must remain posted for two years from _____ and must not be altered, defaced or covered, by any other material. Direct any questions about this Notice to:

Regional Attorney, EEOC Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205

APPROVED AND CONSENTED TO BY:

Date:

_*Sharilee Smith* (signature)_
Sharilee Smith
AUTHORIZED REPRESENTATIVE    (Printed Name)
FOR DEFENDANTS

Date:

_*Marsha L. Rucker* (signature)_
MARSHA RUCKER               (Printed Name)
REGIONAL ATTORNEY

## **EXHIBIT B – RELEASE**

In consideration for and effective upon my receipt of the gross amount of $60,000.00, subject to withholdings, in connection with the resolution of *EEOC v Tenet Healthcare Corporation, et al.*, Civil Action No. 2:23-cv-00630-MHH, in the U.S. District Court, Northern District of Alabama, Southern Division, I waive my right to recover for any claims of failure to accommodate, disability discrimination, and/or retaliation arising under the Americans with Disabilities Act, as amended, that I had against any Defendant prior to the date of this release and that were included in the violations alleged in the EEOC's Complaint and/or Amended Complaint in *EEOC v Tenet Healthcare Corporation*.

Date: _____          Signature: _____
                                                Dalphine Hunter